# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LEXINGTON EAST UNIT ONE OWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,<br><br>Defendant. | No. 23-cv-71-CJW-MAR<br><br>**ORDER** |

Before the Court is the parties' Joint Motion to Stay All Pending Deadlines for Five Months, filed October 24, 2023. (Doc. 7.) The parties seek to stay the litigation while they "try to resolve the issues set forth in Plaintiff's Petition, such that no further involvement of the Court will be needed." (*Id.*) The parties request a stay of five months. The parties make no mention of how they intend to further resolution, although it seems likely they intend to undertake negotiation through counsel or some sort of alternative dispute resolution.

The Court has broad discretion to stay proceedings when appropriate to control its docket, making optimal use of judicial resources while weighing competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). The Court may grant a stay to "control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting N.W., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983) (citation omitted).

1

> In determining whether to stay a case, courts generally consider the following factors:
> 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
> 2) whether a stay will simplify the issues in question and trial of the case; and
> 3) whether discovery is complete and whether a trial date has been set.

*CRST Expedited, Inc. v. Swift Transp. Co.*, No. 17-CV-25-CJW, 2018 WL 3966961, at *3 (N.D. Iowa Aug. 17, 2018).

Other important factors for the Court to consider are whether a stay will be "the most efficient use of judicial resources" and "whether the Court will be able to benefit from the pending decision." *Flockhart v. Synchrony Bank*, No. 17-CV-4019-MWB, 2017 WL 3276266, at *1 (N.D. Iowa Aug. 1, 2017). In *Flockhart*, the court held that a stay was appropriate because a ruling in a D.C. Circuit Court case on the definition of a term was a threshold issue that would determine the scope of discovery in the case, clarify the law, and aid the court in deciding the case, thus preserving judicial resources for a time when moving forward would be the most efficient. *Id.* at *3.

"The grant of a stay is a matter of judicial discretion, which is 'dependent upon the circumstances of the particular case,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *United Fire & Cas. Co. v. Illinois Constructors Corp.*, No. 16-CV-0055-EJM, 2017 WL 11452040, at *1 (N.D. Iowa Feb. 1, 2017) (alteration in original) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

Here, no reasons are offered supporting the request for a stay, other than the parties' desire to resolve the case "outside the purview of the Court." This reason is insufficient. Rather, the motion creates concern that the case will languish on the docket

without deadlines to propel it to resolution. There is no reason to believe that efforts to complete discovery will go to waste if the case is not resolved by whatever efforts are made to resolve the case. Nor is there reason to believe the parties' or the Court's resources will be conserved by staying this case.

Therefore, the motion (Doc. 7) is **denied**.

**IT IS SO ORDERED** this 26th day of October, 2023.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa